NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

10-2061
_____


UNITED STATES OF AMERICA

v.

MARIO VILLAMAN-PUERTA,
Appellant


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 2-09-cr-00682-001)
District Judge:  Hon. Joseph A. Greenaway, Jr.


_____


Submitted Under Third Circuit LAR 34.1(a)
February 14, 2011

Before:  SLOVITER, HARDIMAN, and ALDISERT, Circuit Judges

(Filed: February 16, 2011)
_____



OPINION

SLOVITER, *Circuit Judge*.

The District Court sentenced Mario Villaman-Puerta to seventy-five months imprisonment, substantially above the stipulated Federal Sentencing Guidelines range of eighteen to twenty-four months, after Villaman-Puerta pled guilty to aggravated reentry into the United States, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Villaman-Puerta argues that the Government breached the plea agreement and that his seventy-five month prison sentence is substantively unreasonable. We will affirm.[1]

Villaman-Puerta argues that the Government breached the plea agreement by indirectly requesting an upward variance at the sentencing hearing and he requests that we vacate and remand for resentencing. We review this claim for plain error because Villaman-Puerta failed to object to the alleged breach before the District Court. Fed. R. Crim. P. 52(b); *Puckett v. United States*, 129 S.Ct. 1423, 1428 (2009). To establish plain error, Villaman-Puerta must demonstrate (1) error, (2) that is plain, (3) that affects substantial rights, and (4) seriously impairs the fairness, integrity, or public reputation of the judicial proceedings. *Puckett*, 129 S.Ct. at 1429. An error is plain if it is clear or obvious. *United States v. Olano*, 507 U.S. 725, 734 (1993). The error affects substantial rights if it causes prejudice, i.e., if it affected the defendant's sentence. *See Puckett*, 129 S.Ct. at 1433 n.4; *Olano*, 507 U.S. at 734.

Villaman-Puerta and the Government stipulated in the plea agreement that "neither party will argue for the imposition of a sentence outside the Guidelines range that results

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

from the agreed total Guidelines offense level." App. at 20. At the first sentencing hearing, the Government informed the District Court that it "stipulated the range is 18 to 24" and that it was "not asking for anything beyond that." App. at 61-62. The Government went on to note, however, that "Mr. [Villaman-]Puerta is the luckiest man in this room right now" because the Government had declined to prosecute him for drug offenses even though at the time of his arrest the Government seized from his residence six kilograms of heroin and $2.7 million in cash.[2] App. at 62. The Government emphasized that Villaman-Puerta had served a state sentence of "only 14 months for six kilograms of [heroin]" and that his federal conviction "should result *at least* in a 24-month sentence for illegal reentry."[3] *Id.* (emphasis added). The Court immediately thereafter questioned the Government whether it was restrained by the plea agreement from asking for an above-Guidelines sentence, to which the Government responded that it was "bound by the terms of the plea agreement," but that "[o]bviously, the Court has the ability to do that." App. at 63.

"It is well settled that an analysis of whether there is a violation of the plea

[2] The Government's investigation and arrest of Villaman-Puerta were filmed by the cable television show "Spike TV." Per office policy, the Government declined to pursue any drug charges against Villaman-Puerta because Spike TV would not share its "out-takes," thereby hindering the Government's ability to comply with discovery obligations.

[3] The Government had actually emphasized that Villaman-Puerta was serving fourteen months for six kilograms of cocaine, rather than heroin, because the presentence report on which the Government relied incorrectly referred to cocaine. The PSR also incorrectly provided that the Government seized $2 million from the residence where Villaman-Puerta was arrested, when in fact $2.7 million was seized. At the second sentencing hearing, the District Court corrected the PSR to reflect that the Government seized six kilograms of heroin and $2.7 million in cash.

agreement proceeds under contract law standards." *United States v. Larkin*, --- F.3d ----, 2010 WL 5022471, at *7 (3d Cir. Dec. 10, 2010). "Strict compliance with the terms of a plea agreement is not only vital to the efficient function of our criminal justice system, but also required to preserve the integrity of our constitutional rights." *Id.* To determine whether the Government has performed its obligations under the plea agreement, we consider whether the Government's conduct falls within the range of expectations reasonably understood by the defendant at the time the defendant entered into the plea agreement. *Id.*

By asking the court to impose a sentence of "at least" twenty-four months, the Government implied that it considered twenty-four months to be at the bottom range of what would be an acceptable sentence. This may have been a thinly veiled attempt to influence the District Court to exercise its discretion to impose an above-Guidelines sentence. Even if we assume that this statement constituted a breach of the plea agreement, we cannot conclude that the Government's error affected Villaman-Puerta's substantial rights, i.e., that it affected his sentence. Even before the Government suggested that the Court impose a sentence of "at least" twenty-four months, the Court stated that it was not sympathetic to defense arguments in favor of a lenient sentence because of the circumstances surrounding Villaman-Puerta's arrest. Moreover, after making its improper recommendation, the Government immediately acknowledged that it was prohibited by the plea agreement from requesting an above-Guidelines sentence. In total, the Government reminded the Court no less than six times throughout the course of

4

the proceedings that the plea agreement precluded it from recommending a sentence outside of the Guidelines range.

Moreover, the Government expressly requested a within-Guidelines sentence throughout the proceedings. Before the first sentencing hearing, the Government recommended by way of a letter that the Court "impose a sentence within the advisory Guideline[s] range of 18 to 24 months and 2 years' supervised release as required under the Guidelines." Supp. App. at 2. Again at the second sentencing hearing the Government expressly advocated for a within-Guidelines sentence, stating that "it is the Government's position that [Villaman-Puerta] should be sentenced within the upper, or the maximum of the stipulated guideline [range]" and that such a sentence would be "appropriate in this case." App. at 120-21.

It is clear from the record that the District Court, and hence Villaman-Puerta's sentence, was not affected by the Government's error. The Court initially explained that it was "considering upwardly departing" on the basis of the Court's "outrage that someone who was involved in a drug transaction of that magnitude is here illegally, is subject to penalty that in [the Court's] judgment appears minor." App. at 63-64. And when it sentenced Villaman-Puerta, the Court raised numerous reasons to justify its above-Guidelines sentence, none of which included the Government's improper comment. Villaman-Puerta has failed to persuade us that the Government's error caused him prejudice, and he therefore cannot sustain his burden under plain error review.

Villaman-Puerta also argues that his seventy-five month prison sentence is substantively unreasonable. We review his sentence for an abuse of discretion, keeping

5

in mind that "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the [18 U.S.C.] § 3553(a) factors, we must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

In sentencing Villaman-Puerta, the District Court acknowledged the stipulated Guidelines range and the factors set forth in 18 U.S.C. § 3553(a). The Court found that "to put [Villaman-Puerta's arrest for aggravated reentry] in its full context" one must "look at the history and characteristics of the defendant." App. at 125. The Court examined Villaman-Puerta's history and characteristics and concluded that the facts militated in favor of an upward variance. The Court explained that "Villaman[-Puerta]'s past, his prior drug involvement, his current drug involvement, [and] his desire to return to the United States yet again, if he is deported, leads one to come to the conclusion that he is literally incorrigible." App. at 127. We find no error in the Court's analysis, and we are not persuaded by Villaman-Puerta's arguments that his sentence was unreasonable. Accordingly, we will affirm.